IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

RICHARD HUDSON,                )
                               )
          Plaintiff,           )
                               )   Civil Action No. 1:17-cv-1462
v.                             )
                               )
SRA INTERNATIONAL, INC.        )
AND                            )
CRSA, INC.,                    )
          Defendants.          )

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendants' Motion for Summary Judgement.

This case arises from Plaintiff Richard Hudson's termination from his employment at SRA International, Inc. ("SRA") on October 1, 2015. SRA is the predecessor of CSRA Inc. ("CSRA"), a company that provides information technology ("IT") services to governmental clients in national security, government, and public health areas. From July 2004 until October 2015, Hudson worked for SRA as a Network Engineer supporting the Army National Guard ("ARNG") on the Enterprise Operations Security Service ("EOSS") contract. Hudson received training on SRA's Business Ethics and Code of Conduct, which included training related to avoidance of conflicts of interest.

In 2015, in addition to being employed by SRA, Hudson was also employed by STG, Inc. ("STG") as the Senior Program Manager on STG's Emergency Operations Center ("EOC") contract with the Department of Homeland Security ("OHS"). Hudson's supervisors at SRA knew he worked a second job but did not know the identity of the other employer or what position he held at his second job.

STG is also a government contractor, and in April 2015, OHS awarded the EOC contract to SRA after SRA outbid STG. SRA contacted Hudson to discuss continuing his employment as a Program Manager on the EOC contract. During this time, SRA realized Hudson was already employed by SRA as a Network Engineer on another government contract. After learning of Hudson's dual employment with SRA and STG, SRA personnel reported it to SRA's Ethics and Compliance Office, who launched an investigation. The investigation found Hudson had been dually employed multiple times during his employment with SRA, which was a violation of SRA's policies against conflicts of interest because he did not properly report his dual employment with direct competitors and failed to obtain appropriate approval. Consequently, Hudson was terminated from SRA on October 1, 2015. SRA informed Hudson the termination was based on the potential for organizational conflicts of interest his dual employment created, which he failed to report and obtain the required approval, in violation of SRA policies. Hudson was replaced at SRA by Isseyas Gerbregeris, an African

2

employee.

On February 4, 2016, Hudson filed an Equal Employment Opportunity Commission ("EEOC") claim of race discrimination against SRA. In April 2016, SRA merged with CSC, creating a new corporation, CSRA. In May 2016, CSRA hired Hudson for a position with the NFIP under FEMA, which was a different location and department than his former position with SRA. Hudson's employment with CSRA was contingent on him passing a background check. On July 11, 2016, CSRA terminated Hudson's employment, claiming the Plaintiff failed to pass his background check when CSRA realized Plaintiff had been previously terminated from SRA due to misconduct.

On July 25, 2016, Hudson filed a second EEOC claim alleging retaliation by CS RA. EEOC investigated both of Hudson's claims and did not find there as a violation of any statute in either charge and dismissed both charges.

On December 22, 2017, Hudson filed suit in this Court against SRA and CSRA alleging: 1) Defendants discriminated against him because of his race and national origin in violation of Title VII and Section 1981; and 2) Defendants retaliated against him in violation of Title VII and Section 1981 because he engaged in protect activity.

At the completion of discovery, Defendants filed their Motion for Summary Judgement on October 11, 2018. Plaintiff responded to

Defendants' motion and agreed to dismiss count II of the complaint, the retaliation claim.

Under Federal Rule of Civil Procedure 56, a court should grant summary judgment if the pleadings and evidence show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, the court views the facts in the light most favorable to the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made, the opposing party has the burden to show that a genuine dispute of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). This Court finds this case is ripe for summary judgment.

The Supreme Court's decision in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), set forth a burden-shifting framework that a plaintiff must satisfy to prove unlawful discrimination where there is no direct evidence of discrimination. The plaintiff must first establish a prima facie case of discrimination, and then the burden of production shifts to the employer to provide a legitimate, non-discriminatory explanation for the employment decision at issue. See Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981). Once the employer

4

has done so, the burden of production shifts back to the plaintiff to demonstrate that the employer's explanation is merely pretextual. Id.

To establish a prima facie case of discriminatory discharge, Plaintiff must show that: (1) he is a member of a protected class; (2) he suffered from an adverse employment action; (3) at the time the employer took the adverse employment action he was performing at a level that met his employer's legitimate expectations; and (4) that the position was filled by a qualified applicant outside the protected class. See King v. Rumsfeld, 328 F.3d 145, 149 (4th Cir. 2003).

Plaintiff cannot establish the elements of his prima facie claim for two reasons. First, he cannot show that he was satisfactorily performing his duties as an employee of SRA at the time of his termination. Hudson was employed by a direct competitor of SRA, which was a violation of the Business Ethics and Code of Conduct of SRA that Plaintiff agreed to and received training on. Hudson argues that his direct managers knew he had a second job as evidenced by emails from his manager to his DHS email address. However, Plaintiff does not put forth evidence that his supervisors knew he was working for a direct competitor nor does he establish that he formally gained approval to work for a direct competitor of SRA, which was a violation of SRA's Code of Conduct and Business Ethics. Instead, he offers evidence showing

5

that other coworkers also maintained dual-employment while employed at SRA. Proof that Plaintiff's performance was comparable to his coworkers is not proof that his performance met SRA's legitimate job performance expectations. Id. at 149. Evidence that other employees of SRA also maintained dual-employment is insufficient to establish the third element required to establish a prima facie case. Id.

Plaintiff cannot meet the last element in order to establish a prima facie case of racial discrimination under Title VII. Plaintiff is African American and was replaced by an employee who was African. Plaintiff does not dispute this fact. He claims a white male replaced the position he held at STG, which he was being considered for before SRA learned of his dual employment. He does not dispute that SRA replaced his Network Engineering position with an African employee. Because Plaintiff cannot produce evidence to show that he was replaced by someone outside his protected class, Plaintiff cannot establish a prima facie case of discriminatory discharge.

Furthermore, Plaintiff cannot establish a prima facie case under the disparate treatment theory of race discrimination. That is, Plaintiff cannot show he was treated differently than similarly situated employees outside his protected class. Plaintiff argues that his Caucasian coworker, Mason, was also dually employed and not terminated from SRA. However, Plaintiff

cannot show that Mason was similarly situated to him because he has not established that Mason directly violated SRA's ethics and code of conduct policies. The record shows that Mason's outside employment was with the private side of a company, which was not in direct competition with SRA, unlike Plaintiff's outside employment with a direct competitor of SRA, which created a conflict of interest. Furthermore, Plaintiff points to five other African American employees who were dually employed and not terminated by SRA. This evidence goes against his claim that he was treated worse than similarly situated individuals outside of his protected class based on his race. If anything, this evidence shows that race was not a motivating factor in SRA's decision to termination Plaintiff. For these reasons, Plaintiff cannot establish that he was treated less favorably than employees outside his protected class, therefore, failing to establish a prima facie case under the disparate treatment theory of race discrimination.

Under the McDonnell Douglass framework, when the plaintiff fails to establish a prima facie case of discrimination, the burden never shifts to the defendant to provide an explanation for the reason for his discharge. See King at 150. Generally, any evidence that Plaintiff has presented to show pretext is not considered by the court when the court finds there is no prima facie case established. Id. Even still, Plaintiff acknowledged he

7

never heard any derogatory comments made about his race while employed at SRA, and he never reported any discriminatory conduct to SRA personnel during his employment with SRA. While the Court notes there is not anything in the McDonnell Douglas burden-shifting framework that says "a plaintiff must always introduce additional, independent evidence of discrimination," the evidence in the record is simply not sufficient to permit a reasonable jury to conclude that SRA's reason for Plaintiff's discharge, that he violated its conflict of interests standards, was pretext for discrimination. See Guessous v. Fairview Property Investments, LLC, 828 F.3d 208 (4th Cir. 2016).

For the foregoing reasons, this Court finds that summary judgment should be granted in favor of Defendants. An appropriate order shall issue.

*/s/ Claude M. Hilton*
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
November 28, 2018